IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RICHARD WILLIAM PRICE,

Petitioner,

vs.

CIVIL ACTION NO.: CV209-027

DEBORAH A. HICKEY,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William Price ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Petitioner filed a Traverse. For the reasons which follow, Petitioner's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Petitioner pled guilty to four counts of bank robbery in violation of 18 U.S.C. § 2113. (Doc. No. 1, p. 7). The Honorable Henry Lee Adams, Jr. of the United States District Court for the Middle District of Florida sentenced petitioner to 151 months' imprisonment, a supervised release term of thirty-six months, $400 in assessment costs, and $23,778 in restitution. (Doc. No. 7-2, pp. 27-32). Judge Adams set a payment schedule for Petitioner stating that Petitioner's monetary penalties were due "immediately" and "in full." (Id. at p. 32). Petitioner did not pay his penalties immediately and in full as directed by the payment schedule. Petitioner began to work for Federal Prison Industries ("UNICOR") full time on July 13, 2004, and continues to do

so. (Id. at pp. 6-8). Under Petitioner's Inmate Financial Responsibility Program ("IFRP"), fifty percent of his monthly UNICOR payments are deducted to satisfy his financial obligations.

Petitioner claims that the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3664, 3572 renders the IFRP and the UNICOR programs that establish payment schedules invalid and unenforceable. (Doc. No. 1, p.1). Petitioner asserts that only the court can set restitution payment schedules. (Id.)

## DISCUSSION AND CITATION TO AUTHORITY

The MVRA requires the sentencing court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The restitution schedule set for Petitioner states:

> In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. . . . If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the [BOP]s' [IFRP], are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.

(Doc. No. 7-2, p. 32)

The facts in the instant case are analogous to those in Williams v. Pearson, 197 F. App'x. 872 (11th Cir. 2006). In Williams, the petitioner asserted, inter alia, that the Bureau of Prisons was illegally collecting money from him and had illegally established a payment schedule in violation of the MVRA. The Court of Appeals for the Eleventh Circuit pointed out in Williams that,

> the MVRA provides that '[i]f the [restitution] order[ ] permits other than immediate payment, the length of time over which scheduled payments shall be made shall be set by the court.' Therefore, if the restitution order does not permit other than immediate payment, the district court is not
AO 72A
(Rev. 8/82)

2

required to set the schedule. . . . Here, the court clearly ordered the restitution to be due in full immediately, and, therefore, under the MVRA, was not required to schedule the payments.

Williams, 197 F. App'x. at 878 (citing 18 U.S.C. § 3572(d)(2)). As in Williams, the District Court for the Middle District of Florida set a payment schedule that required immediate payment by Petitioner. Petitioner's failure to make an immediate payment did not require the court to set a schedule during Petitioner's term of incarceration and the Bureau of Prisons' use of the IFRP to execute Petitioner's restitution order is valid.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 9th day of October, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE